LISA K. NGUYEN, Bar No. 244280
lisa.nguyen@lw.com
RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com
CLARA WANG, Bar No. 321496
clara.wang@lw.com
LATHAM & WATKINS LLP
140 Scott Drive
Menlo Park, CA 94025
Telephone:     (650) 328-4600
Facsimile:     (650) 463-2600

TIFFANY C. WESTON (*pro hac vice* pending)
tiffany.weston@lw.com
LATHAM & WATKINS LLP
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone:     (202) 637-2200
Facsimile:     (202) 637-2201

*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHATSAPP LLC,<br><br>Plaintiff,<br><br>v.<br><br>AGIS SOFTWARE DEVELOPMENT LLC,<br><br>Defendant. | **Case No.**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff WhatsApp LLC ("WhatsApp") hereby pleads the following claims for Declaratory Judgment against Defendant AGIS Software Development LLC ("AGIS Software"), and alleges as follows:

### THE PARTIES

1.      WhatsApp is a Delaware limited liability corporation with its principal place of business located in Menlo Park, California.

2.     On information and belief, AGIS Software is an agent and alter ego of Advanced Ground Information Systems, Inc.  Per AGIS Software's allegations in another litigation between the parties, AGIS Software is a Texas limited liability company, having its principal place of business at 100 W. Houston Street, Marshall, Texas 75670.  According to Texas public records, the sole member of AGIS Software is AGIS Holdings, Inc. ("AGIS Holdings").  According to Florida public records, AGIS Holdings is organized and existing under the laws of the State of Florida, and maintains its principal place of business at 92 Lighthouse Drive, Jupiter, FL 33469.  It shares the same address with Advanced Ground Information Systems, Inc., ("AGIS") a corporation organized and existing under the laws of the State of Florida that also maintains its principal place of business at 92 Lighthouse Drive, Jupiter, FL 33469.

## JURISDICTION AND VENUE

3.     The Court has subject matter jurisdiction over WhatsApp's declaratory judgment claims relating to patent non-infringement under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

4.     On January 29, 2021, AGIS Software sued WhatsApp for infringing United States Patent Nos. 7,031,728 ("'728 patent"), 7,630,724 ("'724 patent"), 9,408,055 ("'055 patent"), 9,445,251 ("'251 patent"), 9,467,838 ("'838 patent"), and 9,749,829 ("'829 patent") (collectively, "Patents-in-Suit") in the United States District Court of the Eastern District of Texas by manufacturing, using, distributing, selling, offering for sale, and/or exporting from and importing into the United States the "WhatsApp and WhatsApp Messenger Applications and the related services and/or servers for the applications."  *See* Compl. ¶ 16, *AGIS Software Development LLC v. WhatsApp, Inc.*, 2:21-cv-00029 (E.D. Tex. Jan. 29, 2021), Dkt. 1.  AGIS Software purported to be the owner of all right, title, and interest in the Patents-in-Suit.  *Id.* ¶ 1.  Contemporaneously with the filing of this declaratory judgment action, WhatsApp has moved to dismiss the Eastern District of Texas litigation for improper venue.

5.     WhatsApp denies that the Patents-in-Suit are infringed through the making, using, distributing, sale, offering for sale, exportation, or importation of WhatsApp Messenger or any other WhatsApp product or service.  Under all circumstances, AGIS Software's infringement allegations and related actions threaten actual and imminent injury to WhatsApp that can be

redressed by judicial relief and warrants the issue of a declaratory judgment. An actual and justiciable controversy exists between WhatsApp and AGIS Software with respect to the Patents-in-Suit.

6.     On information and belief, AGIS Software is subject to this Court's specific jurisdiction, pursuant to due process and/or the California Long Arm Statute due to: (1) AGIS Software and/or AGIS's activities purposefully directed at residents of this forum, and (2) the claims arising out of or relating to AGIS Software and/or AGIS's activities with this forum. Further, the assertion of personal jurisdictions is reasonable and fair.

7.     On information and belief, AGIS Software and/or AGIS have taken intentional and purposeful steps to enforce the Patents-in-Suit against residents of this judicial district, including by suing WhatsApp and other companies with principal places of business or operations in this judicial district for infringement of the Patents-in-Suit.

8.     Based on Public Access to Court Electronic Records ("PACER"), on June 21, 2017, AGIS Software sued Apple Inc. ("Apple"), a California corporation with its principal place of business at One Apple Park Way, Cupertino, California 95014, alleging infringement of patents including the '055 patent, '251 patent, '838 patent, and '829 patent. *See AGIS Software Development LLC v. Apple Inc.*, 2:17-cv-00516 (E.D. Tex.). Based on U.S. Patent & Trademark Office ("USPTO") records, on July 31, 2018, Apple filed a petition for *inter partes* review of the '829 patent (IPR2018-01471). Based on USPTO records, on December 13, 2018, Apple filed a petition for *inter partes* review of the '055 patent (IPR2019-00432). Based on USPTO records, on January 3, 2019, Apple filed petitions for *inter partes* review of the '251 patent (IPR2019-00523, IPR2019-00524). Based on USPTO records, on or around April 2, 2019, each of these *inter partes* review proceedings were terminated as a result of the Apple and AGIS Software reaching a settlement agreement. *See, e.g.*, Decision Granting Joint Motion to Terminate and Granting Request to Treat Settlement Document as Confidential Business Information, IPR2018-01471, Paper No. 15. Based on PACER, on March 14, 2019, the Eastern District of Texas dismissed the district court litigation between AGIS Software and Apple as a result of settlement.

1    Order, *AGIS Software Development LLC v. Apple Inc* ., 2:17-cv-00516 (E.D. Tex. Mar. 14, 2019),

2    Dkt. 87.

3            9.      Based on PACER, on June 21, 2017, AGIS Software sued ZTE Corporation and

4    ZTE (TX) Inc. alleging infringement of patents, including the '055 patent, '251 patent, '838 patent,

5    and '829 patent. *AGIS Software Development LLC v. ZTE Corporation*, 2:17-v-00517 (E.D. Tex.).

6    Based on PACER, on October 17, 2017, AGIS Software filed an amended complaint, adding ZTE

7    (USA) Inc. to this litigation.  On information and belief, ZTE (USA) Inc. has an office located at

8    1900 McCarthy Boulevard, Milpitas, California 95035.  On information and belief, ZTE (TX) Inc.

9    keeps its principal place of business at 1900 McCarthy Boulevard, Milpitas, CA 95035.

10           10.     Based on PACER, on October 9, 2018, ZTE (USA) Inc. filed a declaratory

11   judgment action in the Northern District of California.  Based on PACER, on October 30, 2019,

12   AGIS Software and ZTE (USA) Inc. filed a joint motion to stay all deadlines as a result of a

13   settlement in principle. *ZTE (USA) Inc. v. AGIS Software Development LLC*, No. 4:18-cv-06185-

14   HSG (N.D. Cal. Oct. 30, 2019), Dkt. 130.  Based on PACER, less than a week later, on November

15   4, 2019, AGIS Software filed an unopposed renewed motion to dismiss. *Id.*, Dkt. 135.  Based on

16   PACER, on November 5, 2019, the Court granted the motion. *Id.*, Dkt. 138.

17           11.     On information and belief, AGIS Software has entered into agreements relating to

18   the Patents-in-Suit with Apple and ZTE Corporation, ZTE (USA) Inc., and ZTE (TX) Inc.

19   ("ZTE").

20           12.     On information and belief, AGIS Holdings registered AGIS Software in Texas on

21   June 1, 2017, 20 days before filing the above patent infringement cases against Apple and ZTE.

22           13.     On information and belief, only two months prior to the registration of AGIS

23   Software, AGIS was litigating in the Southern District of Florida against Life360, Inc., a company

24   headquartered in San Francisco, California. *Advanced Ground Information Sys., Inc. v. Life360,*

25   *Inc.*, 9:14-cv-80651 (S.D. Fla.).  Based on PACER, AGIS asserted that Life360 infringed the '728

26   patent (one of the Patents-in-Suit) and other related patents.  Based on PACER, AGIS's claims

27   against Life360 resulted in a jury finding of no-infringement and an award of nearly $750,000 in

28   attorneys' fees for litigating "an exceptionally weak case." *Id.*, Dkt. 200, 212.

14.     On information and belief, AGIS Software is an alter ego to AGIS Holdings and/or AGIS.

15.     On information and belief, AGIS has also committed a number of intentional acts directed at the State of California.

16.     On information and belief, AGIS has marketed and/or provided downloads of its LifeRing product, which AGIS Software contends is covered by the Patents-in-Suit, in California.

17.     On information and belief, in 2014, Mr. Malcom Beyer, CEO of both AGIS Software and AGIS, attended a U.S. Navy military exercise in San Diego where he demonstrated LifeRing on PCs and smartphones when asked to do so.  *See Life360, Inc. v. Advanced Ground Sys., Inc.*, 2014 WL 5612008, at *3, Case No. 15-cv-00151-BLF (N.D. Cal. Sept. 21, 2015).  On information and belief, during this demonstration, Mr. Beyer also discussed LifeRing with companies including ADI Technology and Maven Consulting.  *Id.*

18.     On information and belief, AGIS marketed LifeRing to companies that resulted in downloads of LifeRing in California.  *Id.* at *4.  On information and belief, AGIS marketed LifeRing to at least CornerTurn LLC, Integrity Applications, and American Reliance, Inc., which AGIS has stated have California addresses.  *Id.*

19.     On information and belief, AGIS has marked LifeRing as covered by the Patents-in-Suit.  *See, e.g.*, AGIS Website | Patents, http://agisinc.com/about/patents (last visited April 27, 2021).  On information and belief, AGIS Software has licensed the patents to end users residing in California who downloaded the LifeRing software.

20.     On information and belief, AGIS also formed a "strategic partnership" with Green Hills Software, Inc., a California company and security software firm located in Santa Barbara, California.  *See Life360*, 2014 WL 5612008, at *4.

21.     As a result of the foregoing allegations, AGIS Software either individually or as an alter ego of AGIS, is subject to personal jurisdiction within this judicial district.

22.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that a substantial part of the acts giving rise to the claim occurred in this judicial district, and because AGIS Software is subject to personal jurisdiction in this district.

1

**COUNT I**

2

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 7,031,728**

3          23.     WhatsApp restates and incorporates by reference each of the allegations set forth

4    in paragraphs 1-22 above, as if fully set forth herein.

5          24.     On information and belief, AGIS Software is the owner of all right, title, and

6    interest in the '728 patent, including the right to assert all causes of action arising under that patent

7    and the right to any remedies for infringement of it.  A copy of the '728 patent is attached hereto

8    as **Exhibit A**.

9          25.     WhatsApp does not infringe any claim of the '728 patent, directly or indirectly,

10   contributorily or otherwise through its or its user's activities in conjunction with WhatsApp

11   Messenger or any other WhatsApp product.

12         26.     As set forth above, an actual and justiciable controversy exists between WhatsApp

13   and AGIS Software as to WhatsApp's non-infringement of the '728 patent.

14         27.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*,

15   WhatsApp requests that this Court enter a judgment that WhatsApp does not infringe, under any

16   theory of infringement, any valid claim of the '728 patent.

17

**COUNT II**

18

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 7,630,724**

19         28.     WhatsApp restates and incorporates by reference each of the allegations set forth

20   in paragraphs 1-22 above, as if fully set forth herein.

21         29.     On information and belief, AGIS Software is the owner of all right, title, and

22   interest in the '724 patent, including the right to assert all causes of action arising under that patent

23   and the right to any remedies for infringement of it.  A copy of the '724 patent is attached hereto

24   as **Exhibit B**.

25         30.     WhatsApp does not infringe any claim of the '724 patent, directly or indirectly,

26   contributorily or otherwise through its or its user's activities in conjunction with WhatsApp

27   Messenger or any other WhatsApp product.

28

31.     As set forth above, an actual and justiciable controversy exists between WhatsApp and AGIS Software as to WhatsApp's non-infringement of the '724 patent.

32.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, WhatsApp requests that this Court enter a judgment that WhatsApp does not infringe, under any theory of infringement, any valid claim of the '724 patent.

**COUNT III**

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 9,408,055**

33.     WhatsApp restates and incorporates by reference each of the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

34.     On information and belief, AGIS Software is the owner of all right, title, and interest in the '055 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.  A copy of the '055 patent is attached hereto as **Exhibit C**.

35.     WhatsApp does not infringe any claim of the '055 patent, directly or indirectly, contributorily or otherwise through its or its user's activities in conjunction with WhatsApp Messenger or any other WhatsApp product.

36.     As set forth above, an actual and justiciable controversy exists between WhatsApp and AGIS Software as to WhatsApp's non-infringement of the '055 patent.

37.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, WhatsApp requests that this Court enter a judgment that WhatsApp does not infringe, under any theory of infringement, any valid claim of the '055 patent.

**COUNT IV**

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 9,445,251**

38.     WhatsApp restates and incorporates by reference each of the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

39.     On information and belief, AGIS Software is the owner of all right, title, and interest in the '251 patent, including the right to assert all causes of action arising under that patent

1    and the right to any remedies for infringement of it.  A copy of the '251 patent is attached hereto
2    as **Exhibit D**.

3         40.    WhatsApp does not infringe any claim of the '251 patent, directly or indirectly,
4    contributorily or otherwise through its or its user's activities in conjunction with WhatsApp
5    Messenger or any other WhatsApp product.

6         41.    As set forth above, an actual and justiciable controversy exists between WhatsApp
7    and AGIS Software as to WhatsApp's non-infringement of the '251 patent.

8         42.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*,
9    WhatsApp requests that this Court enter a judgment that WhatsApp does not infringe, under any
10   theory of infringement, any valid claim of the '251 patent.

11                                        **COUNT V**

12        **Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 9,467,838**

13        43.    WhatsApp restates and incorporates by reference each of the allegations set forth
14   in paragraphs 1-22 above, as if fully set forth herein.

15        44.    On information and belief, AGIS Software is the owner of all right, title, and
16   interest in the '838 patent, including the right to assert all causes of action arising under that patent
17   and the right to any remedies for infringement of it.  A copy of the '838 patent is attached hereto
18   as **Exhibit E**.

19        45.    WhatsApp does not infringe any claim of the '838 patent, directly or indirectly,
20   contributorily or otherwise through its or its user's activities in conjunction with WhatsApp
21   Messenger or any other WhatsApp product.

22        46.    As set forth above, an actual and justiciable controversy exists between WhatsApp
23   and AGIS Software as to WhatsApp's non-infringement of the '838 patent.

24        47.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*,
25   WhatsApp requests that this Court enter a judgment that WhatsApp does not infringe, under any
26   theory of infringement, any valid claim of the '838 patent.

27

28

**COUNT VI**

**Declaratory Relief Regarding Non-Infringement of U.S. Patent No. 9,749,829**

48.     WhatsApp restates and incorporates by reference each of the allegations set forth in paragraphs 1-22 above, as if fully set forth herein.

49.     On information and belief, AGIS Software is the owner of all right, title, and interest in the '829 patent, including the right to assert all causes of action arising under that patent and the right to any remedies for infringement of it.  A copy of the '829 patent is attached hereto as **Exhibit F**.

50.     WhatsApp does not infringe any claim of the '829 patent, directly or indirectly, contributorily or otherwise through its or its user's activities in conjunction with WhatsApp Messenger or any other WhatsApp product.

51.     As set forth above, an actual and justiciable controversy exists between WhatsApp and AGIS Software as to WhatsApp's non-infringement of the '829 patent.

52.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, WhatsApp requests that this Court enter a judgment that WhatsApp does not infringe, under any theory of infringement, any valid claim of the '829 patent.

**PRAYER FOR RELIEF**

WHEREFORE, WhatsApp respectfully prays for judgment in favor of WhatsApp and against AGIS Software, as follows:

1.     For a judicial determination and declaration that WhatsApp has not infringed and is not infringing, directly or indirectly, any claim of the Patents-in-Suit;

2.     For injunctive relief against AGIS Software, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action against WhatsApp or WhatsApp's users claiming the Patents-in-Suit are infringed, or for representing that WhatsApp's products or services, or that others' use thereof, infringe the Patents-in-Suit;

3.     For a declaration that this case is exceptional under 35 U.S.C. § 285 and for an award of attorneys' fees and costs in this action; and

4.     For such other and further relief as this Court may deem just and proper.

1

**DEMAND FOR JURY TRIAL**

2

WhatsApp respectfully demands a jury trial in this action on all issues so triable.

3

4

Dated: April 27, 2021

LATHAM & WATKINS, LLP

5

By: */s/ Lisa K. Nguyen*

6

LISA K. NGUYEN, Bar No. 244280
lisa.nguyen@lw.com

7

RICHARD G. FRENKEL, Bar No. 204133
rick.frenkel@lw.com

8

CLARA WANG, Bar No. 321496
clara.wang@lw.com

9

LATHAM & WATKINS LLP
140 Scott Drive

10

Menlo Park, CA 94025

11

Telephone:     (650) 328-4600
Facsimile:     (650) 463-2600

12

13

TIFFANY C. WESTON
(*pro hac vice* pending)

14

tiffany.weston@lw.com
LATHAM & WATKINS LLP

15

555 Eleventh Street, NW
Suite 1000

16

Washington, DC 20004

17

Telephone:     (202) 637-2200
Facsimile:     (202) 637-2201

18

*Attorneys for Plaintiff*

19

*WHATSAPP LLC*

20

21

22

23

24

25

26

27

28

COMPLAINT FOR
DECLARATORY JUDGMENT